IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BYRNE, an individual
and INDEX MUSIC, INC., a
New York corporation

CASE NO. 8:10-CV-01187-T26MAP

        Plaintiffs,

v.

JURY TRIAL DEMANDED

CHARLIE CRIST, an individual
and CHARLIE CRIST d/b/a
CHARLIE CRIST FOR UNITED
STATES SENATE; THE STEVENS &
SCHRIEFER GROUP, a Washington D.C.
partnership, THE STEVENS & SCHRIEFER
GROUP, LTD., a Virginia Corporation,
RED OCTOBER PRODUCTIONS, INC.,
a Delaware Corporation, XYZ COMPANY(IES);
JOHN DOE(S); and JANE DOE(S)

        Defendants.

_____/

## SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; VICARIOUS COPYRIGHT INFRINGEMENT; VIOLATION OF LANHAM ACT §1125(a); INJUNCTIVE RELIEF REQUESTED

Plaintiffs, David Byrne, an individual and Index Music, Inc., a New York corporation, hereby file this Complaint against Defendants, Charlie Crist, an individual, Charlie Crist for United States Senate, an unregistered fictitious name under which Defendant Charlie Crist sometimes does business, The Stevens & Schriefer Group, a Washington D.C. partnership, The Stevens & Schriefer Group, Ltd., a Virginia Corporation, Red October Productions, Inc., a Delaware Corporation, XYZ Company(ies), John Doe(s), and Jane Doe(s), (collectively "Defendants") and allege:

## INTRODUCTION

1.      Plaintiff David Byrne ("Byrne") is well known as the musician who co-founded the musical group Talking Heads. On record and in concert, Talking Heads were acclaimed by critics and audiences alike; more importantly, however, they have proven to be extremely influential. Talking Heads took popular music in new directions, both in terms of sound and lyrics, and also introduced an innovative visual approach to the genre. In 2002, Talking Heads were inducted into the Rock and Roll Hall of Fame. Since Talking Heads disbanded in 1988, Byrne has gone on to enjoy tremendous success in his solo career, collaborating with artists from a wide variety of genres and releasing nearly 20 albums. Byrne has also performed extensively throughout the United States and around the globe.

2.      In or about January, 2010, defendant Charlie Crist ("Crist"), currently the Governor of Florida, and Crist's campaign entity, Charlie Crist For United States Senate (the "Campaign"), released an audiovisual commercial attacking Marco Rubio (the "Commercial"), who was then running against Crist to become the Republican candidate for one of Florida's seats in the United States Senate. Byrne is informed and believes that the Commercial was created by defendants The Stevens & Schriefer Group and the Stevens & Schriefer Group, Ltd. (collectively "The Stevens Group") an advertising agency, and its in house production team Red October Productions, Inc. ("Red October") for and on behalf of Crist. The soundtrack for the Commercial is a sound recording (the "Sound Recording") of Byrne and Talking Heads performing one of Byrne's most famous musical compositions, *Road to Nowhere* (the "Composition"). The Commercial was broadcast on the Campaign's website and on YouTube. Neither Crist, the Campaign, The Stevens Group nor Red October obtained a license or otherwise sought or received permission for the use of the Sound Recording and the Composition in the Commercial, as is required by the United States Copyright Act.

3.      The protections afforded the authors of copyrighted works such as the Composition and Sound Recording find their origin in Article I, Section 8 of the United States Constitution, and the United States Copyright Act is the exclusive set of laws governing the use of copyrighted works in the United States. In recent years, there have been a number of highly publicized copyright lawsuits, with the result that most

2

Americans generally understand that musical works are subject to copyright protection. Defendant Crist, however, has more than a general understanding of the law. Defendant Crist is an attorney whose "law and order" platform saw him elected to serve as Attorney General of the State of Florida under Governor Jeb Bush, before successfully running for Governor of Florida. Moreover, professional politicians and their operatives, who regularly engage in the creation of audiovisual commercials, are aware that the United States Copyright Act requires a license for the use of popular music in an audiovisual commercial.

4.      This is particularly true following the recent, highly publicized case of singer/songwriter, Jackson Browne, who in 2008 sued then-candidate for President, Senator John McCain ("McCain"), the Republican National Committee ("RNC") and the Ohio Republican Party ("ORP") based on their unlicensed use of Browne's famous musical composition *Running On Empty* in an audiovisual campaign commercial. As part of the settlement of that case in 2009, McCain, the RNC and the ORP issued a widely disseminated public apology and pledge that provided in pertinent part: "We apologize that a portion of the Jackson Browne song *Running on Empty* was used without permission. . . *The ORP, RNC and Senator McCain pledge in future election campaigns to respect and uphold the rights of artists and to obtain permissions and/or licenses for copyrighted works where appropriate*." (emphasis added). It is therefore extraordinary that less than a year following this pledge by the Republican Party to obtain permission and licenses for copyrighted works used in their campaigns, Crist, then a Republican (on April 30, 2010, Crist, badly behind in the polls to Rubio, left the Republican party to run as an Independent), used the Composition and Sound Recording in the Commercial without a license, and without even asking for permission.

5.      Defendants' use of the Composition and Sound Recording without a license constitutes copyright infringement. Moreover, Defendants' unauthorized use of the Sound Recording, on which Byrne sings the lyrics, falsely suggests that Byrne sponsors, endorses and/or is associated with Crist and the Campaign, in violation of the United States Lanham Act.

## PARTIES

6.      Plaintiff Byrne is a citizen of the State of New York.

3

7.    Plaintiff Index Music Inc. ("Index") is a New York corporation with its principal place of business in New York, New York.  Byrne is the Chief Executive Officer of Index.  Byrne and Index are collectively referred to herein as "Plaintiffs."

8.    Defendant Crist is a citizen and Governor of the State of Florida. Plaintiffs are informed and believe, and based thereon allege that Crist maintains a residence in St. Petersburg, Florida.

9.    Plaintiffs are informed and believe, and based thereon allege that Defendant The Stevens & Schriefer Group is a partnership with its principal place of business in Washington D.C. and which conducts business in this judicial district.

10.   Plaintiffs are informed and believe, and based thereon allege that Defendant The Stevens & Schriefer Group, Ltd. is a Virginia corporation with its principal place of business in Washington D.C. and which conducts substantial business in this district. The Stevens & Schriefer Group and the Stevens & Schriefer Group, Ltd. are collectively referred to herein as "The Stevens Group."

11.   Plaintiffs are informed and believe, and based thereon allege that Defendant Red October is a Delaware corporation with its principal place of business in Washington D.C. and which conducts business in this judicial district.

12.   Defendant XYZ Company(ies) includes other various entities against which Plaintiffs may have a claim of copyright infringement and/or trademark infringement, the exact names and whereabouts of which are currently unknown, but Plaintiffs reserve the right to join such entities at a later time.

13.   Defendant John Doe(s) includes various other individual(s) against which Plaintiffs may have a claim of copyright infringement and/or trademark infringement, the exact names and whereabouts of which are currently unknown, but Plaintiffs reserve the right to join such individuals at a later time.

14.   Defendant Jane Doe(s) includes various other individual(s) against which Plaintiffs may have a claim of copyright infringement and/or trademark infringement, the exact names and whereabouts of which are currently unknown, but Plaintiffs reserve the right to join such individuals at a later time.

15.   Plaintiffs are informed and believe that Defendant Crist sometimes does business under the unregistered fictitious name of Charlie Crist for United States Senate

4

("Campaign") and that the Campaign is headquartered in St. Petersburg, Florida.

16.     Plaintiffs are informed and believe, and based thereon allege that at all relevant times each of the Defendants was the agent, employee, representative, and/or co-conspirator of one or more of the remaining Defendants and in doing the acts herein alleged was acting in the course and scope of such agency, employment, and co-conspiracy.

17.     Plaintiffs are informed and believe, and based thereon allege that there exists, and at all times relevant herein there existed, a unity of interest and ownership between defendants Crist and the Campaign, such that any individuality and separateness between Crist and the Campaign have ceased. Adherence to the fiction of the separate existence of the Campaign as an entity distinct from Crist would permit an abuse of the corporate privilege and would promote injustice to the extent that Crist is allowed to shield himself from liability for his conduct and the conduct of his agents through the doctrine of limited liability.

18.     Defendants Crist, the Campaign, Red October and The Stevens Group are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

19.     This action arises under the United States Copyright Act 17 U.S.C. § 101 et. seq., as well as the Lanham Act, 15 U.S.C. § 1051 et. seq. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1338(a) and principles of supplemental and pendent jurisdiction pursuant to 28 U.S.C § 1367(a).

20.     Jurisdiction alternatively exists in this action pursuant to 28 U.S.C. § 1332, based on the complete diversity of citizenship between Byrne and Defendants. The amount at issue exceeds $75,000.

21.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a)(1) and 1392(b)(1) because this is the judicial district in which all Defendants reside and/or do business. Venue is further proper under 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

5

## STATEMENT OF FACTS

22.     In 1985, Byrne's former musical group, Talking Heads, released an album entitled *Little Creatures*, which contained the Composition and Sound Recording *Road to Nowhere*. The Composition was written by Byrne, and the Sound Recording became one of Talking Heads' most popular songs. As the lead vocalist for Talking Heads, the Sound Recording captures Byrne's distinctive and widely known voice.

23.     Index owns a federally registered copyright in the Composition, copyright registration number PA0000259905. Byrne has obtained an assignment from the owner (the "Assignor") of the registered copyright in the Sound Recording, copyright registration number SR0000064999, of all right, title and interest in all claims and causes of action for copyright infringement relating to and arising from Defendants' unauthorized use of the Sound Recording.

24.     Plaintiffs are informed and believe, and based thereon allege that Crist and the Campaign hired The Stevens Group, a prominent political advertising agency, to create the Commercial on their behalf and Crist entered into a written agreement with The Stevens Group for this purpose. Plaintiffs are further informed and believe, and based thereon allege that that Red October physically produced the Commercial for and on behalf of The Stevens Group, Crist and the Campaign. Plaintiffs are further informed and believe, and based thereon allege that each of the Defendants participated in the decision to incorporate the Sound Recording and Composition into the Commercial.

25.     Plaintiffs are informed and believe, and based thereon allege that Defendants broadcast the Commercial at least on YouTube and on the website for the Campaign. Plaintiffs are further informed and believe, and based thereon allege that YouTube is a favorite destination for political campaigns looking for wide dissemination of their campaign advertising in order to position their candidates as having national reach and to secure endorsements from national political leaders and organizations, to spread their candidates' message (in both a positive manner and in negative, "attack" ads against their opponents) and to secure monetary donations to their campaigns from as wide a base as possible. Plaintiffs are further informed and believe, and based thereon

6

allege that Defendants therefore intentionally placed the Commercial on the Internet in an effort to position Crist as a candidate with national credentials, to secure endorsements from national political leaders and organizations, to attack and embarrass his then-opponent, Rubio, and to secure monetary donations for Crist's campaign from persons both inside and outside of Florida. At a minimum, therefore, Defendants knew and specifically intended that the Commercial would be broadcast and viewed not only in the State of Florida, but nationally.

26.     Upon the initial posting and broadcasts of the Commercial by the Defendants, Byrne immediately received a number of inquiries expressing concern that Byrne had permitted the use of the Composition and Sound Recording by the Defendants and the apparent association such use had created between Byrne and Defendants.

27.     Defendants, however, did not obtain a license, much less seek or receive permission to use the Composition and the Sound Recording in the Commercial. In fact, while Plaintiffs have occasionally permitted the use of *Road to Nowhere* to be used in connection with films and television programs, they have *never* licensed or given permission for the use of *Road To Nowhere*, or any of Byrne's other compositions, to be used in commercial advertisements, and they have rejected numerous, very lucrative requests for such licenses.

28.     By using the Composition and Sound Recording without license or permission, Defendants infringed the copyrights in both. Plaintiffs are informed and believe, and based thereon allege that Defendants' infringement was intentional, knowing and willful, in that Defendants knew that they were required to obtain a license for each of the Composition and Sound Recording, and that Defendants were aware of the public pledge to obtain such licenses by the Republican National Committee. Additionally, by using Byrne's distinctive and widely known voice in the Commercial without his authorization, Defendants intentionally created a false association between Byrne on the one hand, and Crist and the Campaign on the other.

## FIRST CAUSE OF ACTION

## (Copyright Infringement – Unauthorized Performance of a Copyrighted Work in an Audiovisual Work 17 U.S.C. § 106(4))

29.     Plaintiffs incorporate by reference paragraphs 1 through 28, as though fully set forth herein.

30.     Index is the owner of a federally registered copyright in the Composition. Additionally, Byrne is assignee of all claims against Defendants for infringement of the Sound Recording by virtue of its unauthorized use by Defendants in the Commercial.

31.     At no time have Defendants sought or been granted a license or other authorization to use the Composition or the Sound Recording in the Commercial. Accordingly, Defendants' unauthorized use of the Composition and Sound Recording in the Commercial infringes the copyrights therein.

32.     As a result of Defendants' actions as described above, Plaintiffs have suffered damages and will continue to suffer damages in an amount that is presently unknown, but which exceeds $1,000,000.

33.     Defendants' infringement of the copyrights in the Composition and Sound Recording has caused and will cause irreparable harm to Plaintiffs that cannot be fully compensated by money. Because Plaintiffs have no adequate remedy at law, Plaintiffs are entitled to a temporary restraining order, as well as preliminary and permanent injunctive relief prohibiting Defendants from using the Composition and/or Sound Recording without a license therefor.

34.     Plaintiffs are informed and believe, and based thereon allege that Defendants' unauthorized use of the Composition and Sound Recording was willful and as such, Plaintiffs are entitled to recover maximum statutory damages for each act of infringement pursuant to 17 U.S.C. § 504(c). Defendants' willful, unauthorized use of the Composition and Sound Recording also entitles Plaintiffs to recover their attorneys' fees pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

## (Vicarious Copyright Infringement – Unlawful Performance of Copyrighted Work in an Audiovisual Work 17 U.S.C. § 106(4))

35.     Plaintiffs incorporate by reference paragraphs 1 through 34, as though fully set forth herein.

36.     Defendants infringed the copyrights in the Composition and Sound Recording by using them in the Commercial without authorization from Index or the Assignor.

37.     Plaintiffs are informed and believe, and based thereon allege that Crist has the right, ability and obligation to control the marketing activities of the Campaign. Plaintiffs are further informed and believe, and based thereon allege that the Stevens Group has the right and ability to control the production activities of Red October.

38.     Plaintiffs are informed and believe, and based thereon allege that Crist intended to and did receive benefits, including a direct financial benefit from the Campaign's copyright infringement by, among other things, receiving national attention, including attention from national political figures and organizations, increased media exposure for Crist's campaign for United States Senator and increased campaign contributions. Plaintiffs are informed and believe, and based thereon allege that the Stevens Group intended to and did receive benefits, including a direct financial benefit from Red October's copyright infringement, by among other things, receiving payment from Crist and the Campaign for the production of the Commercial.

39.     As a result of the actions of Defendants as described above, Plaintiffs have suffered damages and will continue to suffer damages in an amount that is presently unknown, but which exceeds $1,000,000.

40.     Defendants' infringement of the copyrights in the Sound Recording and Composition has caused and will cause irreparable harm to Plaintiffs that cannot be fully compensated by money. Because Plaintiffs have no adequate remedy at law, Plaintiffs are entitled to a temporary restraining order, as well as preliminary and permanent injunctive relief prohibiting Defendants from using the Composition and/or Sound Recording without a license therefor.

41.     Plaintiffs are informed and believe, and based thereon allege that Defendants' unauthorized use of the Composition and Sound Recording was willful and as such, Plaintiffs are entitled to recover statutory damages for each act of infringement pursuant to 17 U.S.C. § 504(c). Defendants' willful, unauthorized use of the Sound Recording and Composition also entitles Plaintiffs to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## THIRD CAUSE OF ACTION

## (Federal Trademark Infringement – False Association or Endorsement – 15 U.S.C. § 1125(a))

42.     Byrne incorporates by reference paragraphs 1 through 41, as though fully set forth herein.

43.     Byrne is an internationally renowned singer, composer and songwriter. Byrne's voice is both distinctive and widely known and is inextricably part of Byrne's identity and persona.

44.     Byrne is informed and believes, and based thereon alleges that Defendants intentionally used Byrne's identity and persona through the use of his voice in the Commercial to confuse the public into thinking that Byrne sponsors, endorses and is associated with Crist. At a minimum, Defendants knew or should have known that their unauthorized use of Byrne's identity and persona would confuse the public into believing that Byrne sponsors, endorses and/or is associated with Crist.

45.     Byrne is informed and believes, and based thereon alleges that as a result of Defendants' unauthorized use of Byrne's identity and persona, the public was confused into believing that Byrne sponsors, endorses and/or is associated with Crist.

46.     As a result of Defendants' unauthorized use of Byrne's identity and persona in the Commercial, Byrne has suffered damages and will continue to suffer damages in an amount that is presently unknown, but which exceeds $1,000,000.

47.     Defendants' unauthorized use of Byrne's identity and persona has caused and will cause irreparable harm to Byrne that cannot be fully compensated by money.

Because Byrne has no adequate remedy at law, Byrne is entitled to a temporary restraining order, as well as preliminary and permanent injunctive relief prohibiting Defendants from using Byrne's identity and persona without a license therefor.

48.     Byrne is informed and believes, and based thereon alleges that Defendants did the acts as herein alleged with an intent to injure Byrne and to subject Byrne to cruel and unjust hardship in conscious disregard of Byrne's rights, and that said acts were done willfully, maliciously, and oppressively.   Byrne is, therefore, entitled to prejudgment interest, reasonable attorneys' fees and costs against Defendants, pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Byrne prays for relief as follows:

## FIRST CAUSE OF ACTION

1.     For damages according to proof, including pre-judgment interest, the exact amount to be determined at trial;

2.     For maximum statutory damages pursuant to 17 U.S.C. §504(c);

3.     For reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505;

4.     For a temporary restraining order, as well as preliminary and permanent injunctive relief prohibiting Defendants from using the Composition and Sound Recording without a license therefor.

## SECOND CAUSE OF ACTION

5.     For damages according to proof, including pre-judgment interest, the exact amount to be determined at trial;

6.     For maximum statutory damages pursuant to 17 U.S.C. §504(c);

7.     For reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. §

505;

8.      For a temporary restraining order, as well as preliminary and permanent injunctive relief prohibiting Defendants from using the Composition and Sound Recording without a license therefor.

## THIRD CAUSE OF ACTION

9.      For damages according to proof, including pre-judgment interest, the exact amount to be determined at trial;

10.     For attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117;

11.     For a temporary restraining order, as well as preliminary and permanent injunctive relief prohibiting Defendants from using Byrne's identity and persona without authorization.

## ALL CAUSES OF ACTION

12.     For Plaintiffs' cost of suit, the exact amount to be proved at trial; and

13.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand trial by jury on all issues so triable by a jury.

/s/Edward M. Livingston
Edward M. Livingston
Florida Bar No.: 251879
eml@thelivingstonfirm.com

Erica L. Loeffler
Florida Bar No.: 852201
ell@thelivingstonfirm.com

Bryan L. Loeffler
Florida Bar No.: 852341
bll@thelivingstonfirm.com

THE LIVINGSTON FIRM
963 Trail Terrace Drive
Naples, FL 34103
(239) 262-8502
(239) 261-3773 Fax

OF COUNSEL:

Lawrence Y. Iser
California SBN 094611
liser@kwikalaw.com

Gregory S. Gabriel
California SBN 239902
ggabriel@kwikalaw.com

KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, California 90401
(310) 566-9809
(310) 566-9850 Fax

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of December, 2010, I served the foregoing via electronic mail on Michael P. Matthews, Foley and Lardner, LLP, 100 North Tampa Street, Suite 2700, Tampa, Florida, mmatthews@foley.com, attorney for Defendant The Stevens and Schriefer Group; Frank Kruppenbacher, Frank Kruppenbacher, P.A., 9064 Great Hernon Cir., Orlando, FL 32836, frank.kruppenbacher@ocps.net, Attorney for Defendants Charlie Crist and Charlie Crist for United States Senate; Brian Moes, Morgan and Morgan, P.A., 20 North Orange Avenue, 16th Floor, Orlando, FL 32802, bmoes@forthepeople.com, Attorney for Defendants Charlie Crist and Charlie Crist for United States Senate; and Karyn Forbes and Steven Gordon, Shaheen & Gordon, P.A., 107 Storrs Street, Concord, NH 03302, kforbes@shaheengordon.com and sgordon@shaheengordon.com.

/s/ Erica L. Loeffler
Erica L. Loeffler, Esq.