UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

DAVID BYRNE, an individual

And INDEX MUSIC, INC. a
New York Corporation

        Plaintiffs,

v.

CHARLIE CRIST, an individual
And CHARLIE CRIST d/b/a
CHARLIE CRIST FOR UNITED
STATES SENATE; THE STEVENS &
SCHRIEFER GROUP, a Washington, D.C.
Partnership; THE STEVENS &
SCHRIEFER GROUP, LTD, a Virginia Corporation;
RED OCTOBER PRODUCTIONS, INC., a Delaware Corporation;
XYZ COMPANY(IES);
JOHN DOE(S); and JANE DOE(S)

        Defendants.

Case No. 8:10-CV-01187-T-26MAP

---

### RED OCTOBER PRODUCTIONS, INC.'s ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, STATEMENT OF AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL

NOW COMES Defendant Red October Productions, Inc., ("Red October") for itself and for no other defendants, and hereby responds to Plaintiffs' Second Amended Complaint as follows. The paragraph numbers below correspond to the paragraphs in the Complaint.

1.    Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

1

2. Red October admits that The Stevens & Schriefer Group, Ltd., a Virginia corporation, entered into a contract with the Crist for US Senate Campaign to provide certain services including media advertising and that Red October produced the Commercial at issue which it then provided to the Crist campaign. By way of further answer Red October admits that it did not obtain from Plaintiffs either a license or permission to utilize the Composition. Red October denies that its conduct constitutes a violation of the United States Copyright Act or Lanham Act as alleged in the complaint.

3. To the extent that the allegations contained in Paragraph 3 of the Complaint are legal conclusions, no response is necessary; to the extent an answer is required, Red October, has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5. Red October denies the allegations in Paragraph 5 of the Complaint.

6. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8. Red October on information and belief admits that Crist is a citizen and Governor of the State of Florida and by way of further answer states that it has insufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9. Red October denies the allegations in Paragraph 9 of the Complaint.

10. Red October admits that The Stevens & Schriefer Group, Ltd. is a Virginia corporation and denies the remaining allegations contained in the Paragraph 10 of the Complaint.

11. Red October admits it is a Delaware corporation and denies the remaining allegations contained in the Paragraph 11 of the Complaint. Red October further states that its principal place of business is in Maryland.

12. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies the same.

15. Red October admits that Defendant Crist was affiliated with Crist for US Senate, and that Crist for US Senate was located in St. Petersburg at one time; Red October denies any allegations inconsistent with the forgoing.

16. To the extent that the allegations contained in Paragraph 16 of the Complaint are legal conclusions, no response is necessary; to the extent an answer is required the allegations are denied.

17. To the extent that the allegations contained in Paragraph 17 of the Complaint are legal conclusions, no response is necessary; to the extent an answer is required the allegations are denied.

18. The allegations contained in Paragraph 18 of the Complaint do not require a response.

19. Red October admits that Plaintiffs purport to state claims for relief under the Copyright Act and Lanham Act and that the Court has subject matter jurisdiction over any such purported claims. Red October admits that Plaintiffs allege that jurisdiction over this matter is proper under 28 U.S.C. §§ 1331, 1338(a), and principles of supplemental and pendant jurisdiction pursuant to 28 U.S.C. § 1367(a).

20. Red October admits that alternatively Plaintiff alleges that jurisdiction over this matter is proper under 28 U.S.C. § 1332 but Red October denies that the amount in controversy exceeds $75,000.

21. Red October denies the allegations of paragraph 21.

22. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies the same.

23. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies the same.

24. Red October admits that the Stevens Group Ltd. entered into a contract with the Crist for Senate Campaign and that Red October produced the Commercial for the Crist campaign. By way of further answer Red October denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Red October denies that it placed or broadcast the Commercial on YouTube or the Crist campaign website. Red October has insufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint, and therefore denies same.

26. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27. Red October admits that it did not seek or receive a license or permission from Plaintiffs. Red October has insufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint, and therefore denies same.

28. Red October denies each allegation in Paragraph 28 of the Complaint.

**FIRST CAUSE OF ACTION**

29. Red October responds to the allegations realleged and incorporated by reference in Paragraph 29 of the Complaint in the same manner as set forth hereinabove.

30. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies the same.

31. Red October admits that it did not seek or receive a license from Plaintiff, and denies each of the remaining allegations in Paragraph 31 of the Complaint.

32. Red October denies each allegation in Paragraph 32 of the Complaint.

33. Red October denies each allegation in Paragraph 33 of the Complaint.

34. Red October denies each allegation in Paragraph 34 of the Complaint.

**SECOND CAUSE OF ACTION**

35. Red October responds to the allegations realleged and incorporated by reference in Paragraph 35 of the Complaint in the same manner as set forth hereinabove.

36. Red October denies the allegations contained in Paragraph 36 of the Complaint.

37. Red October has insufficient information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 37 of the Complaint, and therefore denies the same. Red October denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. Red October denies the allegations contained in Paragraph 38 of the Complaint.

39. Red October denies the allegations contained in Paragraph 39 of the Complaint.

40. Red October denies the allegations contained in Paragraph 40 of the Complaint.

41. Red October denies the allegations contained in Paragraph 41 of the Complaint.

## THIRD CAUSE OF ACTION

42. Red October responds to the allegations realleged and incorporated by reference in Paragraph 42 of the Complaint in the same manner as set forth hereinabove.

43. Red October has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore denies the same.

44. Red October denies each allegation in Paragraph 44 of the Complaint.

45. Red October denies each allegation in Paragraph 45 of the Complaint.

46. Red October denies each allegation in Paragraph 46 of the Complaint.

47. Red October denies each allegation in Paragraph 47 of the Complaint.

48. Red October denies each allegation in Paragraph 48 of the Complaint.

## PRAYER FOR RELIEF

To the extent that any response to the Prayer for Relief is required:

1. Red October denies.

2. Red October denies.

3. Red October denies.

4. Red October denies.

5. Red October denies.

6. Red October denies.

7. Red October denies.

8. Red October denies.

9. Red October denies.

10. Red October denies.

11. Red October denies.

12. Red October denies.

13. Red October denies.

## REQUEST FOR JURY TRIAL

Red October requests a jury trial on all matters triable to a jury for any claims against or brought by it.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, Red October alleges as follows:

### First Affirmative Defense

### (Failure to State a Claim)

1. The Complaint fails to state facts sufficient to constitute a claim against Red October.

### Second Affirmative Defense

### (Fair Use/Equity)

2. To the extent that there was any use of Plaintiff's copyrighted work, such use is a protected "fair use" and protected by the principles of equity.

### Third Affirmative Defense

### (First Amendment)

3. To the extent that there was any use of Plaintiff's identity and/or his copyrighted work, such use is protected by the First Amendment of the United States Constitution and Article 1, Section 4 of the Florida Constitution.

### Fourth Affirmative Defense

### (Transformative Use)

4. To the extent that there was any use of Plaintiff's identity, the use was transformative and thus protected by the First Amendment of the United States Constitution and Article 1, Section 4 of the Florida Constitution.

### Fifth Affirmative Defense

### (Public Interest)

5. To the extent that there was any use of Plaintiff's identity, such a use is exempt from liability because it relates to a matter of public interest and concern.

### Sixth Affirmative Defense

### (Lack of Actual Malice)

6. To the extent that there was any use of Plaintiff's identity, Plaintiff cannot show by clear and convincing evidence that the use was made with knowledge of falsity or reckless disregard for the truth.

### Seventh Affirmative Defense

### (Non-Infringement)

7. Plaintiff's claims are barred because Red October had no right nor ability to supervise the allegedly infringing acts, Red October had no obvious and direct financial interest in the allegedly infringing acts, and Red October otherwise took no steps to foster, promote, entice, or encourage infringement.

### Eighth Affirmative Defense

### (Licensed Performances)

8. Plaintiff's claims of copyright infringement pursuant to 17 U.S.C. §

106(4) are barred with respect to any public performance of the political video on television networks, as such performances occurred pursuant to licenses.

9.

### Ninth Affirmative Defense

### (Innocent Infringer – Lack of Willfulness)

10. To the extent that Red October, infringed Plaintiff's copyright and/or trademark rights, which Red October denies, such infringement was innocent and not willful.

### Tenth Affirmative Defense

### (Invalid Copyrights — Lack of Standing)

10. Plaintiff lacks valid copyrights in the work that he contends was infringed and/or Plaintiff lacks standing to assert rights to the work at issue.

### Eleventh Affirmative Defense

### (De Minimis Use)

11. To the extent that there was any use of Plaintiff's copyrighted work, such use was incidental and *de minimis* and therefore not subject to liability.

### Twelfth Affirmative Defense

### (No Jury On Equitable Issues)

12. Plaintiff is not entitled to a jury trial on any equitable issues.

### Thirteenth Affirmative Defense

### (Failure To Mitigate)

13. Plaintiff has failed to mitigate some or all of the damages he claims to have suffered.

### Fourteenth Affirmative Defense

### (No Likelihood of Confusion)

14. Consumers are not confused, nor are they likely to be confused, as to the source of the political video that is the subject of this lawsuit or that Plaintiff is sponsoring or endorsing the political video.

### Fifteenth Affirmative Defense

### (Lack of Secondary Meaning)

15. Plaintiff's federal Lanham Act claim is barred, in whole or in part, since neither Plaintiff's identity and persona nor the Composition has acquired secondary meaning and do not afford Plaintiff any enforceable trademark.

### Sixteenth Affirmative Defense

### (Not Entitled to Injunction)

16. Plaintiff is not entitled to injunctive relief because any injury is not irreparable, Plaintiff has an adequate remedy at law and the balance of hardship and the public interest do not favor injunctive relief.

### Seventeenth Affirmative Defense

### (Harm Caused by Others)

17. To the extent Plaintiff suffered any injury or harm, which Red October denies, any such injury or harm was proximately caused by parties other than Red October.

### Eighteenth Affirmative Defense

### (Artistic Relevance)

18. To the extent that there was any use of Plaintiff's identity, such use was

artistically relevant and thus is a protected by the First Amendment of the United States Constitution and is otherwise immune from liability under the Lanham Act.

### Nineteeth Affirmative Defense

### (Misuse, Unclean Hands, Waiver and Estoppel)

19. Plaintiff's claims are barred by the doctrines of misuse, unclean hands, waiver and estoppel.

### Twentieth Affirmative Defense

### (Unfair Competition)

20. Plaintiff's claim is barred in whole or in part under Article I, Section 8, Clause 8 of the U.S. Constitution and principles of trademark fair use.

### Twenty-First Affirmative Defense

### (Non-Commercial Use)

21. Plaintiff's claim is barred in whole or in part because of the non-commercial nature of the use.

### Twenty-Second Affirmative Defense

### (Vicarious Liability)

22. Plaintiff's claims are barred, in whole or in part, because Red October is not vicariously liable for the acts and conduct of other parties to this action.

To the extent that further investigation and discovery reveals additional affirmative defenses to which Red October, Ltd. is entitled, Red October, Ltd. reserves the right to assert such additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Red October prays for relief as follows:

1. That the Complaint be dismissed and Plaintiff take nothing herein;

2. That Red October be awarded its costs and attorneys' fees incurred in defense of the action; and

3. For such other and further relief as the Court may deem just and proper.


Dated: January 10, 2011  By: /s/Karyn P. Forbes
Karyn P. Forbes
NH Bar #834
kforbes@shaheengordon.com
Steven M. Gordon
NH Bar No. 964
SHAHEEN & GORDON, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
Telephone:    (603) 225-7262
Facsimile:     (603) 225-5112

AND

Dated:  January 10, 2011  By: /s/Michael P. Matthews
Michael P. Matthews
Florida Bar No. 063988
mmatthews@foley.com
Foley & Lardner LLP
100 North Tampa Street
Suite 2700
Tampa, Florida  33602
Telephone: 813.225.4131
Facsimile: 813.221.4210

*Attorneys for Defendant Stevens & Schriefer Group Ltd*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 10th day of January 2011, I have caused a copy of this pleading to be served by electronic mail through ECF filing to counsel of record as listed below:

Edward M. Livingston
Erica L. Loeffler
Bryan L. Loeffler
The Livingston Firm
963 Trail Terrace Drive
Naples, FL 34103
(239) 262-8502

Lawrence Y. Iser
Gregory S. Gabriel
Kinsella Weitzman Iser Kump & Aldisert, LLP
808 Wilshire Blvd., 3rd Floor
Santa Monica, CA 90401
(310) 566-9809

Frank Kruppenbacher, Esquire
Frank Kruppenbacher, P.A.
9064 Great Heron Cir.
Orlando, FL 32836-5483
(407) 246-0200

  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  NONE

Dated:  January 10, 2011             By: /s/ Karyn P. Forbes