UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BYRNE and INDEX MUSIC, INC.,

    Plaintiffs,

v.                                                CASE NO: 8:10-cv-1187-T-26MAP

CHARLIE CRIST et al.,

    Defendants.
_____/

**O R D E R**

Pending for the Court's consideration are three motions filed by Defendants, The Stevens and Schriefer Group, The Stevens and Schriefer Group, Ltd., and Red October Productions, Inc. (SSG/RO): (1) motion to strike cross-claims for indemnification filed by Defendants, Charlie Crist and Charlie Crist D/B/A Charlie Crist for United States Senate (the Crist Defendants), (2) motion to dismiss cross-claims for indemnification by the Crist Defendants, and (3) motion to extend time for expert disclosures. After careful consideration of the motions, together with the procedural history of this case, the Court concludes that the motions are due to be denied. Given this conclusion, the Court needs no response from the Crist Defendants or Plaintiffs.

The motions to strike and dismiss are redundant in that they seek the same relief for the same reason - the Crist Defendants cross-claims were filed against SSG/RO without leave of

Court after the Court imposed deadline for amending pleadings had expired.[1]  The problem with this argument is that the cross-claims were filed in response to Plaintiffs' second amended complaint which for the first time added SSG/RO as additional proper party defendants with their consent.[2]  Given that circumstance, the Crist Defendants were well within their rights to file cross-claims for indemnification against SSG/RO under the Federal Rules of Civil Procedure when they filed their responses to the second amended complaint inasmuch as this was the first time that SSG/RO became coparties with the Crist Defendants in this litigation.  See Fed.R.Civ.P. 13(g).

With regard to the motion to extend time for SSG/RO to make its expert disclosures, the Court rejects SSG/RO's argument that it has demonstrated good cause for such an extension.  The record reflects that attorneys representing the interests of SSG/RO agreed in the case management report filed February 1, 2011, at docket 42, that SSG/RO's expert disclosures would be due February 18, 2011, the date which the Court subsequently fixed as the date by which such disclosures were to be made.  The fact that SSG/RO retained new lead counsel to represent them in this case on March 8, 2011, and that new lead counsel now feels the need to designate an expert witness to put forth the defense of fair use under the Copyright Act does not, in the Court's opinion, qualify as good cause for extending the deadline for expert disclosures.  If it were otherwise, then all a party would have to do to seek an extension of agreed to court-imposed

---

[1]  The Court entered an amended Case Management and Scheduling Order on February 7, 2011, at docket 43, setting February 18, 2011, as the deadline for amending pleadings.  The Crist Defendants' filed their cross-claims against SSG/RO on March 10, 2011, at dockets 47 and 48.

[2]  See docket 36 (Joint Stipulation to File Second Amended Complaint Adding The Stevens & Schriefer Group, Ltd. and Red October Productions, Inc. As Defendants).

deadlines is to change counsel and litigation strategy after those deadlines had expired. Furthermore, SSG/RO's counsel fails to explain why an extension was not immediately requested on March 8, 2011, when new counsel was retained, but instead waited until thirteen days later to seek such an extension.

Accordingly, the Motion to Strike (Dkt. 54), the Motion to Dismiss (Dkt. 55), and the Motion to Extend Time for Expert Disclosure (Dkt. 56) are denied.

**DONE AND ORDERED** at Tampa, Florida, on March 22, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record